UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Mangosoft, Inc. and
Mangosoft Corporation,
     Plaintiffs

     v.                                    Civil No. 02-cv-545-SM
                                           Opinion No. 2007 DNH 040
Oracle Corporation,
     Defendant

**O R D E R**

This is a suit for patent infringement, in which Mangosoft, Inc. and Mangosoft Corporation (collectively, "Mangosoft") claim that Oracle Corporation is selling software that infringes United States Patent No. 6,148,377 ("the '377 patent").[1]  By prior order, the court held that the Oracle products identified by Mangosoft do not infringe the '377 patent.  As to Oracle's counterclaim of patent invalidity and/or inequitable conduct, however, the court concluded that the existence of genuinely disputed issues of material fact precluded the entry of judgment

---

[1]     Mangosoft originally alleged that Oracle's products infringed two of its patents.  Subsequently, however, it provided Oracle with a covenant not to sue with respect to one of those patents (United States Patent No. 5,918,229).  Consequently, Oracle no longer has a reasonable apprehension of suit with regard to that patent and there would not appear to be any case or controversy as to its counterclaim that the '229 patent is invalid and/or unenforceable.

as a matter of law in favor of either party.  Accordingly, their cross motions for summary judgment on those issues were denied.

Pending before the court is Mangosoft's motion to "dismiss the declaratory judgment counterclaim of defendant Oracle Corporation ("Oracle") without prejudice or, in the alternative, [for] entry of a separate judgment of non-infringement pursuant to Fed. R. Civ. P. 54(b) and [a] stay [as to] Oracle's remaining counterclaim."  Plaintiff's motion to dismiss (document no. 103) at 1.  Oracle objects.  For the reasons set forth below, that motion is granted to the extent it seeks dismissal, without prejudice, of Oracle's counterclaim.

## Discussion

As the Court of Appeals for the Federal Circuit has observed, a district court's claim construction is frequently determinative of either patent infringement or invalidity, but seldom both.  Nystrom v. TREX Co., 339 F.3d 1347, 1350 (Fed. Cir. 2003).  In this case, it was determinative of the former.  After the court issued its claim construction order, see Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996), it granted (at least in part) Oracle's motion for summary judgment, holding that neither of the Oracle products identified by Mangosoft infringes

the '377 patent.  What remains unresolved, however, is Oracle's counterclaim, in which it seeks a declaratory judgment that the '377 patent is invalid and/or unenforceable.  <u>See generally</u> 28 U.S.C. § 2201.

Of course, had Oracle asserted that the '377 patent is invalid and/or unenforceable simply as affirmative defenses, those affirmative defenses would now be moot in light of the court's holding that Oracle's products do not infringe.  But, Oracle did not raise those claims merely as affirmative defenses. Instead, it also asserted them in the context of a counterclaim for declaratory judgment.  Consequently, they have not necessarily been rendered moot.  <u>See generally</u> <u>Cardinal Chem. Co. v. Morton Int'l</u>, 508 U.S. 83, 93-94 (1993) ("An unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a declaratory judgment.").  <u>See also</u> <u>Altvater v. Freeman</u>, 319 U.S. 359 (1943).  Thus, it is at least arguable that there remains an actual case or controversy between the parties, and that Oracle's counterclaim seeking declaratory judgment remains alive and well, at least as to the '377 patent.  Nevertheless, a question remains: whether, in the exercise of its discretion, the court should assert jurisdiction over that counterclaim.

In circumstances such as this – when a district court has held that the patent in issue is not infringed, but invalidity and/or unenforceability counterclaims remain – the federal circuit has observed that a district court has four options:

1.   Proceed to trial on the defendant's remaining invalidity and unenforceability counterclaim(s), thus resolving the litigation on the merits;

2.   Consider whether it is appropriate to hold that there is "no just reason for delay" of an appeal of the court's finding of non-infringement and, if so, direct the entry of a final judgment on fewer than all of the claims under Fed. R. Civ. P. 54(b);

3.   If appropriate (and if sought by the plaintiff), grant the plaintiff permission to immediately appeal the court's interlocutory judgments and orders under 28 U.S.C. § 1292; or

4.   In the exercise of the court's discretion, dismiss the defendant's pending counterclaim(s) without prejudice.  See Nystrom, 339 F.3d at 1349–50.

Here, having considered the procedural posture of the case, the pleadings and papers filed by the parties, and the fact that the '377 patent's invalidity is not "plainly evident," the court concludes that the most prudent way to resolve this matter, and the most cost-effective way for the parties, is to dismiss Oracle's counterclaim, without prejudice.  See Phonometrics, Inc.

4

v. Northern Telecom Inc., 133 F.3d 1459, 1468 (Fed. Cir. 1998)
(holding that it is not always necessary for a district court to
resolve both the validity and infringement issues and noting that
when "noninfringement is clear and invalidity is not plainly
evident it is appropriate to treat only the infringement issue")
(citation omitted).  See also Liquid Dynamics Corp. v. Vaughan
Co., 355 F.3d 1361, 1371 (Fed. Cir. 2004) ("A district court
judge faced with an invalidity counterclaim challenging a patent
that it concludes was not infringed may either hear the claim or
dismiss it without prejudice, subject to review only for abuse of
discretion.").

     In its Markman order, the court construed several disputed
terms in Mangosoft's patent, including the term "local."  The
court then applied that construction in ruling that the two
Oracle products identified by Mangosoft do not infringe the '377
patent.  Next, the court held that the existence of genuinely
disputed material facts precluded it from granting either of the
parties' cross-motions for summary judgment on the issues of
patent invalidity and unenforceability; resolution of Oracle's
counterclaim would require a trial.  Mangosoft takes issue with,
among other things, the court's construction of the term "local."
And, before the court resolves Oracle's counterclaim, Mangosoft

wishes to obtain review of the court's patent construction, anticipating that it will persuade the Federal Circuit to construe that term (and possibly others) in a manner more to Mangosoft's liking.

Ordinarily, a party's desire to obtain immediate appellate review of an interlocutory ruling would be of little moment. Federal appellate courts typically discourage piecemeal litigation of parties' disputes.  See, e.g., Pause Tech. LLC v. TiVo Inc., 401 F.3d 1290 (Fed. Cir. 2005).  Here, however, it is apparent that the proper construction of the '377 patent (including the term "local") is central to resolving Oracle's invalidity counterclaim.  That is because, in order to address Oracle's assertion that Mangosoft's '377 patent is invalid, the court must determine whether it was anticipated by any prior art. And, needless to say, whether prior art anticipated the '377 patent will depend, in substantial measure, on precisely what that patent teaches.  In short, if this court has incorrectly construed the term "local" (or any other material terms) as used in Mangosoft's patent, it is unlikely that application of those same terms will properly resolve Oracle's invalidity counterclaim.

The court, then, is persuaded that allowing Mangosoft to appeal its patent construction and non-infringement rulings to the Court of Appeals for the Federal Circuit represents the most efficient use of judicial resources, as well as those of the parties.  Mangosoft intends to appeal this court's claim construction and non-infringement rulings to the Federal Circuit. By allowing Mangosoft to promptly obtain the definitive ruling it seeks, this court will avoid dedicating time and resources to resolve Oracle's invalidity counterclaim based on what might prove to be an erroneous construction of the patent.

## Conclusion

For the foregoing reasons, Mangosoft's motion to dismiss Oracle's counterclaim (document no. 103) is granted.  In the exercise of its discretion, the court hereby dismisses Oracle's counterclaim for declaratory judgment, without prejudice.  In all other respects, Mangosoft's motion is denied.

The Clerk of Court shall enter judgment in favor of Oracle on the issue of patent infringement, in accordance with the court's order of March 14, 2006 (document no. 101) (resolving Mangosoft's patent infringement claims in favor of Oracle and

holding that Oracle's products in issue do not infringe claims 1,

5, and/or 9 of the '377 patent) and close the case.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

March 28, 2007

cc:  Alexander J. Walker, Esq.
     Paul J. Hayes, Esq.
     Robert R. Gilman, Esq.
     Danielle L. Pacik, Esq.
     Eugene Y. Mar, Esq.
     Leeron G. Kalay, Esq.
     Martha Van Oot, Esq.
     Matthew D. Powers, Esq.
     Matthew M. Sarboraria, Esq.
     Paul T. Ehrlich, Esq.